# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:16-CV-01695 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| BETH COLEMAN, | : | |
| Defendant. | : | |

## MEMORANDUM and ORDER

### MAY 15, 2017

Before the Court for disposition is Plaintiff The United States of America's Motion for Service by Posting Property and Certified Mail. For the following reasons, this Motion will be denied.

## I. BACKGROUND

On August 15, 2016, Plaintiff The United States of America ("Plaintiff") filed a Complaint against Defendant Beth Coleman ("Defendant") seeking foreclosure on a mortgage given to Defendant.[1] Plaintiff thereafter moved for entry of default and default judgment on October 26, 2016.[2] The Clerk of Court entered Default on October 26, 2016,[3] and this Court issued a Notice and Order to

---

[1] ECF No. 1.
[2] ECF Nos. 5 & 6.
[3] ECF No. 9.

1

Show Cause on October 31, 2016 directing that Defendant show cause as to why Plaintiff's Motion for Default Judgment should not be granted.[4] On December 7, 2016, having received no response from Defendant, the Court granted Plaintiff's Motion for Default Judgment.[5]

Plaintiff filed the instant Motion for Service by Posting Property and Certified Mail on May 11, 2017.[6] In support thereof, Plaintiff has attached (1) an Affidavit detailing its good faith efforts to serve Defendant,[7] (2) a federal waiver of service of summons signed by Defendant concerning the original Complaint,[8] (3) an Affidavit of Non-Service dated February 14, 2017,[9] (4) an Affidavit of Good Faith Investigation,[10] and (5) an Affidavit of Non-Service dated April 25, 2017.[11] Plaintiff specifically seeks alternate service of the Notice of United States Marshal Sale in the form of posting a copy of the Notice on the property to be foreclosed and mailing a copy of same by both certified and regular mail to Defendant's last known address.[12]

---

[4] ECF No. 10.
[5] ECF No. 12.
[6] ECF No. 16.
[7] ECF No. 16-1.
[8] ECF No. 16-3.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] ECF No. 16, at 2.

## II. ANALYSIS

Federal Rule of Civil Procedure 4(e)(1) provides that a party may serve an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[13] Here, Plaintiff argues that personal service cannot be effectuated, and a court order should be entered authorizing alternate service under Pennsylvania Rules of Civil Procedure 430(a) and 410(c)(2). Rule 430(a) provides as follows:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.[14]

Courts allowing alternate service have cautioned, however, that such service is "an extraordinary measure that is appropriate only after all other methods of service available under the rules have been exhausted."[15]

Under Pennsylvania law, a plaintiff must therefore meet three conditions to prior to the court granting leave for alternate service.[16] These conditions are as follows:

---

[13] Fed. R. Civ. P. 4(e)(1).

[14] Pa. R. Civ. P. 430(a).

[15] *Countrywide Home Loans, Inc. v. Stringer*, Civil Action No. 07-CV-2072, 2008 WL 3853239, at *2 (M.D.Pa. Aug. 15, 2008)(Vanaskie, J.).

3

(1) the plaintiff made a good faith effort to locate the defendant, (2) the plaintiff undertook practical efforts to effectuate service through traditional means, and (3) the alternate form of service is reasonably calculated to provide the defendant with notice of the proceedings against him.[17]

Concerning the first condition set forth above, an explanatory Note to Rule 430(a) provides the list of illustrative examples to be used by a plaintiff when engaging in a good faith effort to locate a defendant:

> (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search.[18]

In the instant matter, the Court finds that, while Plaintiff has indeed engaged in many of the above examples, Defendant still has "several stones left unturned" in its good faith efforts to locate Defendant.[19] While the attached Affidavit of Good Faith Investigation indicates that it has (1) made inquiry of postal authorities, (2) examined local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (3) conducted a reasonable internet search,[20] I find that Plaintiff has not properly exhausted inquiry

---

[16] *FMM Bushnell, LLC v. Gilbert Commons, Inc.*, Civil Action No. 14-CV- 1718, 2015 WL 737577, at *3 (M.D.Pa. Feb. 20, 2015)(Nealon, J.).

[17] *Id.*

[18] *Id.* (citing Pa. R. Civ. P. 430(a), Note).

[19] *Countrywide Home Loans, Inc.*, 2008 WL 3853239, at *3 n. 9.

[20] *See* ECF No. 16-3, at 3–4.

of Defendant's relatives, neighbors, and friends. Specifically, although Plaintiff avers that it has spoken with Defendant's mother and received an alleged telephone number of Defendant, the Affidavit does not indicate that Defendant's mother was asked as to her daughter's last known address.[21] Furthermore, Plaintiff's Affidavit does not indicate that the alleged telephone number of Defendant was called more than once, at different hours, or that it was confirmed to be Defendant's assigned number.[22] At this juncture, Plaintiff's efforts are therefore insufficient to establish that Defendant's whereabouts are unknown.

While I am cognizant that Plaintiff has exhausted many of the examples provided within Rule 430(a), I find that it has nevertheless failed to meet its burden of establishing a good faith effort to locate Defendant.[23] This finding is based on the recognition that "service of process is not a mere technicality," but rather as a

---

[21] *United States v. Linares*, Civil Action No. 16-CV-4463, 2016 WL 7014192, at *2 (E.D.Pa. Nov. 30, 2016)(finding searches did not constitute a good faith effort where defendant's last known address was not confirmed).

[22] *United States v. Chhay*, Civil Action No. 15-CV-2078, 2015 WL 5460640, at *2 (E.D.Pa. Sept. 17, 2015)(denying motion to alternate service where plaintiff had failed to confirm that telephone numbers called were assigned to defendant).

[23] Furthermore, while this analysis dictates that I need not reach the second and third prongs of this conjunctive analysis, I note, for purposes of future filings, that Plaintiff's motion also fails to establish that plaintiff undertook practical efforts to effectuate service and that the alternate form of service is reasonably calculated to provide the defendant with notice of the proceedings against him. First, Plaintiff has not complied with Pennsylvania Rule of Civil Procedure 400(a)'s mandate that service at least be attempted by sheriff. *See*, *e.g.*, *Black v. Dublin EMS, LLC*, Civil Action No. 16-CV-1340, 2017 WL 1150661, at *4 (M.D.Pa. Mar. 28, 2017)(Caldwell, J.). Second, given that Plaintiff's prior efforts to effectuate service have revealed that the subject property has been abandoned, posting and mailing service to that property is not reasonably calculated to provide the defendant with notice of the proceedings. *See*, *e.g.*, *Banks v. Alvarez*, Civil Action No. 08-CV-2030, 2008 WL 2579704, at *2 (E.D.Pa. June 30, 2008).

requirement of constitutional due process necessary to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[24]  Plaintiff is therefore directed to redouble its good faith attempts at locating and serving Defendant in accordance with the above outlined deficiencies, and is granted leave to refile the instant Motion pending the outcome of these efforts.

**AND NOW**, in accordance with the above reasoning, **IT IS HEREBY ORDERED** that Plaintiff The United States of America's Motion for Service by Posting Property and Certified Mail (ECF No. 16) is **DENIED** without prejudice to Plaintiff refiling this Motion within forty-five (45) days.

The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[24] *Calabro v. Leiner*, 464 F.Supp.2d 470, 471 (E.D.Pa. 2006)(quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).